IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| V. | * | CIVIL ACTION NO.: |
| | * | 6:19-cv-00079-JRH-CLR |
| ALL CLEAN CLEANING & | * | |
| RESTORATION, INC. | * | |
| AND TERESA MOSLEY, | * | |
| | * | |
| DEFENDANTS. | * | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW OWNERS INSURANCE COMPANY (hereinafter "Owners"), Plaintiff in the above-styled matter, and files this Amended Complaint for Declaratory Judgment. Pursuant to FED. R. CIV. P. 15(a), Owners is filing this Amended Complaint within 21 days of service of the Complaint; therefore, leave of Court is not required. Owners' purpose in filing this Amended Complaint is to include Exhibits A through C, which were mistakenly omitted from the original Complaint. Owners shows this Honorable Court as follows:

**THE PARTIES**

1.

Owners is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Michigan. Owners is qualified to transact business in the State of Georgia, but is not a citizen of Georgia. Owners is a citizen of Michigan.

2.

All Clean Cleaning & Restoration, Inc., is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Georgia. All Clean Cleaning & Restoration, Inc., is qualified to transact business in Georgia and is a citizen of Georgia. All Clean Cleaning & Restoration, Inc., may be served with process by way of its registered agent, Adam Doss Caraway, 704 North Street West, Vidalia, Georgia 30474.

3.

Teresa Mosley is an individual who is a citizen of the State of Georgia. Teresa Mosley may be served with process at 276 Collins Street, Lyons, Georgia 30436.

4.

Each named defendant has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities who have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

**JURISDICTION AND VENUE**

5.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.

This Court has personal jurisdiction over each of the parties joined in this lawsuit as they are domiciled and/or transact business in Georgia.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**NATURE OF ACTION**

8.

This is a complaint for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Owners and Defendants.

9.

A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court in order that Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

**THE UNDERLYING FACTS AND LAWSUIT**

10.

There is currently pending in the State Court of Tattnall County, Georgia the following civil action styled as Civil Action No.: STSV2019000034:

TERESA MOSLEY,

    PLAINTIFF,

v.

ALL CLEAN CLEANING &
RESTORATION, INC.,

    DEFENDANT.

11.

Civil Action No. STSV2019000034 will hereinafter be referred to as the "Underlying Lawsuit." A true and accurate copy of the Underlying Lawsuit is attached hereto as **Exhibit A**.

12.

In the Underlying Lawsuit defendant Teresa Mosley seeks damages against defendant All Clean Cleaning & Restoration, Inc., arising out of personal injury to defendant Teresa Mosley which allegedly occurred at Reidsville Elementary School, property which was being cleaned by defendant All Clean Cleaning & Restoration, Inc.

13.

In the Underlying Lawsuit, defendant Teresa Mosley alleges that on August 3, 2017, defendant Mosley was working as a teacher at Reidsville Elementary School when she slipped and fell on wet floor cleaned by defendant All Clean Cleaning & Restoration, Inc. Defendant All Clean Cleaning & Restoration, Inc. failed to warn defendant Mosley of the wet floors. She alleges her fall caused her personal injuries.

## THE INSURANCE CONTRACT

14.

Owners issued a policy of commercial general liability coverage to defendant All Clean Cleaning & Restoration, Inc. The policy number for said policy is 164618-48738938. The limit of personal injury coverage of the commercial general liability coverage contained in said policy is $1,000,000.00 per occurrence.

15.

A true and accurate copy of the Policy is attached hereto as **Exhibit B.**

16.

The defendants named herein contend that Owners provides commercial general liability insurance coverage which will obligate Owners to defend All Clean Cleaning & Restoration, Inc., in the Underlying Lawsuit and to pay any money judgment rendered against this defendant in said action up to the liability limit of $1,000,000.00 per occurrence.

17.

After receiving notice of the Underlying Lawsuit, Owners issued a letter to Defendant All Clean Cleaning & Restoration, Inc., which provided notice of Owners' reservation of rights to contest coverage under the Policy for claims asserted in the Underlying Lawsuit. A true and accurate copy of the reservation of rights letter is attached hereto as **Exhibit C.**

18.

After receiving notice of the Underlying Lawsuit, Owners retained counsel to defend Defendant All Clean Cleaning & Restoration, Inc., against the complaint in the Underlying Lawsuit, subject to the reservation of rights letter.

19.

The Policy issued by Owners affords no coverage for the claims and damages upon which the Underlying Lawsuit is based. Therefore, Owners has no duty to defend or indemnify Defendant All Clean Cleaning & Restoration, Inc., in the Underlying Lawsuit.

20.

The Owners policy issued to All Clean Cleaning & Restoration, Inc., includes the following definitions of terms used in the policy:

> **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> **Suit** means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:
>
> > a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
> >
> > b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

21.

The Owners policy issued to All Clean Cleaning &

Restoration, Inc., includes the following conditions:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

    2.    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

        a.    You must see to it that we are notified as soon as practicable or an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

            (1)    How, when and where the "occurrence" or offense took place;

            (2)    The names and addresses of any injured persons and witnesses; and

            (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

        b.    If any claim is made or "suit" is brought against any insured, you must:

            (1)    Immediately record the specifics of any claim or "suit" and the date received; and

            (2)    Notify us as soon as practicable.

            You must see to it that we receive written notice of any claim or "suit" as soon as practicable.

        c.    You and any other involved insured must:

            (1)    Immediately send us copies of any correspondence, demands, notices, summonses or papers in connection with any claim or "suit";

            (2)    Authorize us to obtain records and other information;

            (3)    Cooperation with us in the investigation or settlement of any claim or defense of any "suit"; and

> **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which must be liable to the insured because of injury or damage to which this insurance may also apply.

22.

The policy at issue requires an insured to give timely notice of an occurrence. More specifically, the policy provides as follows:

> **2. Duties in the Event of Occurrence, Claim or Suit**
>
> **a.** You must see to it that we are notified as soon as practicable or an "occurrence" or an offense wich may result in a claim. To the extent possible, notice should include:
>
> **(1)** How, when and where the "occurrence" or offense took place;
>
> **(2)** The names and addresses of any injured persons and witnesses; and
>
> **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

## DECLARATORY JUDGMENT

23.

The occurrence giving rise to the Underlying Lawsuit allegedly occurred on August 3, 2017.

24.

Owners was not notified of the occurrence until April 5, 2018.

25.

The Underlying Lawsuit was filed on July 12, 2019.

26.

To the extent that defendant All Clean Cleaning & Restoration, Inc., failed to provide timely notice of the occurrence pursuant to the terms and conditions of the policy, no coverage is afforded under the policy for liability or damages that may be sought against defendant All Clean Cleaning & Restoration, Inc., in the Underlying Lawsuit.

27.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

28.

Accordingly, Owners seeks a declaration from this Court that no indemnification or duty to defend is owed to Defendant All Clean Cleaning & Restoration, Inc., for any liability or damages that may be incurred by Defendant All Clean Cleaning & Restoration, Inc., in the Underlying Lawsuit because it did not provide timely notice of the occurrence under the terms and conditions of the policy.

29.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Owners may have its rights and duties under the applicable

contract of insurance determined and avoid possible accrual of damages.

30.

Unless the rights and obligations of the parties are adjudicated under the provisions of FED. R. CIV. P. 57 and 28 U.S.C. § 2201, neither Plaintiff nor Defendants will be able to evaluate, defend, or entertain settlement negotiations properly in the actions described above.

31.

Owners shows that the question of whether it has any obligation or duty to defend Defendant All Clean Cleaning & Restoration, Inc., or to pay any judgment which may be rendered against Defendant All Clean Cleaning & Restoration, Inc., in the aforementioned action pending in the State Court of Tattnall County, Georgia pursuant to the provisions of the aforesaid policy is in dispute; consequently, Owners is in a position of uncertainty and insecurity.

WHEREFORE, plaintiff prays for the following relief:

a. That process issue and defendants be served as provided by law, unless they acknowledge service;

b. that the Court enter a judgment declaring that there is no liability coverage available to Defendant All Clean Cleaning & Restoration, Inc., under Owners policy number 164618-48738938 to cover any liability to Defendant All Clean Cleaning & Restoration, Inc., in

Civil Action No.: STSV2019000034;

    c.    that the Court enter a judgment declaring that Plaintiff has no obligation under its policy to defend Defendant All Clean Cleaning & Restoration, Inc., in Civil Action No.: STSV2019000034 pending in the State Court of Tattnall County; and

    d.    that Plaintiff have such other and further relief as may be just and proper under the circumstances.

This 30th day of August, 2019.

**YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

801 Northwood Park Drive
P.O. Box 3007
Valdosta, GA 31602
229-242-2520
229-242-5040 fax
Email: danhoffman@youngthagard.com

By: /s/ Daniel C. Hoffman
Daniel C. Hoffman
State Bar No.: 359719
Attorney for Plaintiff

801 Northwood Park Drive
P.O. Box 3007
Valdosta, GA 31602
229-242-2520
229-242-5040 fax
Email: jaysmith@youngthagard.com

By: /s/ J. Holder Smith, Jr.
J. Holder Smith, Jr.
State Bar No.: 661105
Attorney for Plaintiff

801 Northwood Park Drive
P.O. Box 3007
Valdosta, GA 31602
229-242-2520
229-242-5040 fax
Email: robertevans@youngthagard.com

By: /s/ Robert Evans
Robert Evans
State Bar No.: 989931
Attorney for Plaintiff